IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Collectanea J. Limited, | ) | |
| | ) | Case: 1:24-cv-03821 |
| Plaintiff, | ) | |
| | ) | Judge: Sara L. Ellis |
| v. | ) | |
| | ) | Mag. Judge: M. David Weisman |
| The Partnerships And | ) | |
| Unincorporated Associations | ) | |
| Identified On Schedule "A" | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSED MOTION TO TO COMPEL COMPLETE AFFILIATE DISCLOSURES, FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO THE MOVING DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE AND INCORPORATED MEMORANDUM OF LAW**

**I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

The Moving Defendants[1] filed their <u>Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue</u> (hereinafter, "the Motion to Dismiss") on August 9, 2024. [D.E. 75] Plaintiff submitted its Opposition to the Motion to Dismiss on October 2, 2024. [D.E. 103] (hereinafter, "Plaintiff's Opposition"). The Moving Defendants submitted their Reply in Support of the Motion to Dismiss on October 9, 2024. [D.E. 110] (hereinafter, "Defendants' Reply")

---

[1] The Motion to Dismiss is brought by Defendants ANGGREK K-US, Bnjni-US, efancy, Cxfutai-US, Fchecy-US, FUGACAL, Henzhtcu-US, hongzhizhi-US, Jadpes mg, Jazutaq, kearabq, KnowStore, Liyust-US, Mirandalong-US, Mseinope-US, Naroote, nusind, Prexey, Pulamuse-US, Rutiy, Senhee, Sunxihui-US, Taiddad, Vinnat us, Wandisy, Youheje-US, youthink us, Zaltgag-US, ZhoubinshopUS, accessories_mall, coolshopping888, EOTVIA STORE, Fanhongtan, Hengxinshuo, Mengmengyu, Sudi Store, and TRF STORE. [D.E. 75 at 1]

1

Plaintiff now submits the instant motion to compel the Moving Defendants to file complete affiliate disclosures and for leave to file a sur-reply.

**II.     PRE-FILING CONFERENCE CERTIFICATION**

Consistent with the Court's published case management processing orders, on or about October 16, 2024, Plaintiff's counsel, undersigned, reached out to the Moving Defendants' counsel to arrange a conference. To inform the Moving Defendants' counsel of part of the basis for the relief requested, Plaintiff provided the Moving Defendants with translated screenshots of the company information retrieved from the National Enterprise Credit Information Publicity System, a Chinese governmental agency that provides information about companies to the public, (hereinafter, "the NECIPS") for Shenzhen Puweiya Technology Co., Ltd. (hereinafter, "Puweiya") and Shenzhen Qincai Technology Co., Ltd. [See Exhibit Two, Declaration of Yu Chung Ting at ¶¶ 4-5; Exs. 3-4] (hereinafter, "the Ting Declaration") Plaintiff also provided the Moving Defendants with newly received evidence from Amazon showing that Puweiya sold at least twelve items into the United States through the Amazon storefront known as efancy via a listing that utilized Plaintiff's copyrighted images with assigned U.S. Copyright Registration No. VA0002348112. (hereinafter, "the Beadnova Works") [See attached Exhibit One, Declaration of L. Ford Banister, II at ¶ 4; Ex. One] (hereinafter, "the Banister Declaration")

On the same day, the Moving Defendants' counsel responded that they opposed Plaintiff's request for a sur-reply. The pre-filing conference convened on October 17, 2024 at approximately 10:00 AM CST via video. Present on the call were Plaintiff's counsel, undersigned, L. Ford Banister, II and Ms. Lydia Pittaway. The Moving Defendants were represented by Mr. Timothy Wang. (hereinafter, "Attorney Wang") The Moving Defendants' additional counsel, Mr. Jin Tong, (hereinafter, "Attorney Tong") later joined the conference but

2

did not speak. Although Plaintiff left the conference with the understanding that the Moving Defendants did not oppose submission of the sur-reply as to presentation of additional evidence from Amazon, the Moving Defendants responded to Plaintiff's memorialization email, near close of business on Friday, October 18th, to state their continued opposition. While Plaintiff endeavored in good faith to obtain the Moving Defendants' agreement, Plaintiff moves as opposed for all relief requested herein. Plaintiff respectfully submits that the issues addressed in the instant motion were not resolved through conference due to no fault of Plaintiff.

**III. SUMMARY OF THE ARGUMENT**

The Court should compel the Moving Defendants to submit complete affiliate disclosures in compliance with Fed.R.Civ.P. 7.1 and LR 3.2. Plaintiff should be permitted to submit a sur-reply in the form attached hereto. The instant motion is timely filed at the first opportunity.

**IV. ARGUMENT**

**a) The Court should compel the Moving Defendants to submit complete affiliate disclosures in compliance with Fed.R.Civ.P. 7.1 and LR 3.2.**

When Plaintiff moved to obtain jurisdictional discovery from the Moving Defendants, it set out the full text of Fed.R.Civ.P. 7.1 and LR 3.2 (hereinafter, "the Rules") in its supporting memorandum of law, [D.E. 93 at 8] in addition to requesting an order requiring Moving Defendants to comply in the motion itself, [D.E. 92 at 4-5] thus fully apprising the Moving Defendants of their failure to comply. While, on September 9, 2024, the Moving Defendants filed an opposition to the motion for jurisdictional discovery, no mention is made therein of their failure to comply with the Rules. [D.E. 95] In its Opposition, filed on October 2, 2024, Plaintiff argues that the Motion to Dismiss is not properly before the Court as, at the time of filing the Opposition, the Moving Defendants had still not filed their affiliate disclosures. [D.E. 103 at 2-4] On October 9, 2024, the Moving Defendants finally filed what they termed affiliate disclosures.

3

[D.E. 108] In their Reply, also filed on October 9, 2024, the Moving Defendants address Plaintiff's argument as follows:

    1. The Local Rule 3.2 Issue Is Moot.

    As of the filing of this Reply, Moving Defendants have filed its Local Rule 3.2 disclosure. Dkt. No. 108. As such, this issue is moot.1

    1 In fact, in other parallel cases, Plaintiff's counsel contacted the Moving Defendants' Counsel regarding the Local Rule 3.2 issue, and the required disclosures were timely filed following those communications. It is puzzling whether Plaintiff intentionally left this case out and only raised the issue now in its opposition. [D.E. 110 at 2; FN. 1]

    The Reply does not further address compliance with the Rules.

In order to provide the Court with complete context, the Moving Defendants' reference to "parallel cases" refers to claims brought in the Northern District of Illinois by Plaintiff to protect its intellectual property that the Moving Defendants' Counsel have also appeared in on behalf of certain defendants. On June 7, 2024, Plaintiff filed *Collectanea J. Limited v. The Partnerships, et al*, Case No. 24-CV-04731, now pending before the Honorable Jorge L. Alonso. [hereinafter, "BEADNOVA IV"] Attorneys Wang and Tong appeared for a group of three defendants (hereinafter, "the BEADNOVA IV Defendants") on August 8 and 12 respectively. [BEADNOVA IV at D.E. 30, 31] On August 13, 2024, the BEADNOVA IV Defendants, via a motion virtually identical to that filed in this case, moved to dismiss for lack of personal jurisdiction. [Id. at D.E. 32] The three remaining BEADNOVA IV Defendants did not file their affiliate disclosures until September 25, 2024. [Id. at D.E. 48-50]

Likewise, on June 28, 2024, Plaintiff filed *Collectanea J. Limited v. The Partnerships, et al*, Case No. 24-CV-5462, now pending before the Honorable Sunil R. Harjani. [hereinafter, "BEADNOVA VII"] Attorneys Wang and Tong appeared for a group of four defendants (hereinafter, "the BEADNOVA VII Defendants") on August 23 and 27 respectively.

4

[BEADNOVA VII at D.E. 25, 28] On August 23, 2024, the BEADNOVA VII Defendants, via a motion virtually identical to that filed in this case and in BEADNOVA IV, moved to dismiss for lack of personal jurisdiction. [Id. at D.E. 26] The BEADNOVA VII Defendants did not file their affiliate disclosures until September 23, 2024. [Id. at D.E. 42, 43] On October 14, 2024, Plaintiff moved for jurisdictional discovery and to compel the BEADNOVA VII Defendants to file complete affiliate disclosures. [Id. at D.E. 46, 47]

In support of its motion for jurisdictional discovery and to compel in BEADNOVA VII, Plaintiff presented by declaration evidence showing that three of the four BEADNOVA VII Defendants are linked through as many as six layers of shell companies before eventually leading back to a large Chinese company, Huakai Yibai Technology Co., Ltd., at which point Plaintiff ceased further investigation due to the burdensome nature of the inquiry and its uncertain endpoint. [Id. at D.E. 47 at 10-11] While Plaintiff's investigation into the fourth and final BEADNOVA VII Defendant did not reveal association with the three other BEADNOVA VII Defendants, the investigation does show that Defendant No. 9 therein failed to reveal that it has a single "Beneficial owner of the actual controller," information that should have been disclosed under the Rules. [Id.]

On October 15, Plaintiff also moved for jurisdictional discovery and to compel complete affiliate disclosures in BEADNOVA IV. [BEADNOVA IV at D.E. 57, 58] In support of its requests, Plaintiff presented via declaration NECIPS records for Defendant No. 5 which showed that it should have disclosed that it is wholly owned by Shenzhen Shaoke Technology Co., Ltd. [Id. at D.E. 58 at 10] Following the line back six steps through a string of companies that are wholly owned by others, something like opening a Russian Pushkin doll, we eventually arrive at a large Chinese mainland company, Huakai Yibai Technology Co., Ltd., which has multiple

5

shareholders with more than a five percent stake that should have been declared in Defendant No. 5's affiliate disclosures. [Id.] Again, as in BEADNOVA IV, as set out above, Plaintiff's investigation ended here, with Huakai Yibai Technology Co., Ltd., due to the burdensome nature of the inquiry and the uncertain endpoint. [Id.] The remaining BEADNOVA IV Defendant failed to reveal that it has a single "Actual controller/beneficial owner," information that should have been disclosed under the Rules. [Id. at 11] On October 23, 2024, Judge Alonso granted Plaintiff's motion in part, requiring the BEADNOVA IV Defendants to file, within seven days, "updated affiliate disclosures, and any necessary supporting materials, that comply with Local Rule 3.2, which shall (1) fully identify Defendants' corporate or business structures and their affiliates, including the entities identified in the declarations Defendants submitted in support of their motion to dismiss, Wuhan Jiutian Qukong Technology Co., Ltd., and Wuhan Bufei Network Technology Co., Ltd., and any others plausibly relevant for jurisdictional purposes; and (2) address whether there is any state in the United States with which Defendants have sufficient minimum contacts to support personal jurisdiction." [Id. at D.E. 63] (citations omitted)

In light of the results of the investigation in BEADNOVA IV and BEADNOVA VII and spurred by the odd behavior of the Moving Defendants herein in failing to file their affiliate disclosures where other defendants, represented by the same counsel, that are, according to the single declaration presented in support of the Motion to Dismiss, operated by Puweiya, [D.E. 75-1 at ¶ 3] Plaintiff pulled the NECIPS records for Puweiya. The record for Puweiya shows that it is wholly owned by Shenzhen Qincai Technology Co., Ltd. [Ting Declaration at ¶¶ 4-5; Exs. 3-4] Going one step up the ladder, we find that Shenzhen Qincai Technology Co., Ltd. is wholly owned by Shenzhen Shaoke Technology Co., Ltd., one of the companies that Plaintiff's investigations in BEADNOVA IV and BEADNOVA VII revealed leads back to Huakai Yibai

6

Technology Co., Ltd. [Id. at ¶ 6; Ex. 5] Following the trail six steps down, Plaintiff establishes through public records that, accepting their representation of operation by Puweiya, the Moving Defendants in this case are all branches of the same tree as those in BEADNOVA IV and BEADNOVA VII.

These facts serve as a reminder that overseas, internet based counterfeiting and pirating copyright infringement is an inherently deceptive business. see *YETI Coolers, LLC v. The Individuals*, 21-cv-62008-BLOOM/Valle, at *8 (S.D. Fla. Oct. 14, 2021) ("In light of the inherently deceptive nature of the counterfeiting business...") The audacity of these defendants in attempting to deceive courts as to their identity and avoid liability has also been demonstrated in this judicial district. see *Camelbak Products LLC v. The Partnerships and Unincorporated Associations Identified On "Schedule A"*, 1:20-cv-01544 (N.D. Ill. January 5, 2021) (Doc. 105 at 3) ("[T]he Court does not believe that the identification card submitted in support of [defendant]'s motion to vacate the default judgment is the actual identification card for the person who owns and operates [defendant]. It is either a fake identification card, or it is someone else's identification card.")

Those that take part in subsidized litigation before federal courts are required to fully identify themselves. As the Seventh Circuit has explained, "We have repeatedly voiced our disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016) (citation omitted); see also *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[T]his circuit's decisions . . . disfavor anonymous litigation. . . . The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted

7

in secret."); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts."); *In re Boeing 737 Max Pilots Litig.*, 2020 WL 247404, at *1 (N.D. Ill. 2020) ("The duty to self-identify is a small part of a much bigger tradition of transparency in federal court. . . . The public has a legitimate interest in the facts of a lawsuit, and the most basic fact is who is suing whom."). In addition to the public policy concerns set out above "Opponents are entitled to know with whom they are litigating, so that they can respond to arguments based on facts and law relevant to the individuals involved." *Shakman v. City of Chicago*, No. 09-cv-2145, at *2-3 (N.D. Ill. Sep. 1, 2009).

Fed. R. Civ. P. 7.1 is intended to help judges be properly informed of potential conflicts of interest that might justify disqualification. See Advisory Committee Note, Fed. R. Civ. P. 7.1. LR 3.2 is likewise established "to assist judges in determining, as required, whether they need to recuse themselves under 28 U.S.C. § 455(b)(4) ("Section 455(b)(4)")." *Elektra Ent. Grp., Inc. v. Cranford*, No. 06 C 4781, 2006 WL 8460952, at *1 (N.D. Ill. Sept. 8, 2006) "Although it seems unlikely that the entities referred to here pose a problem for this Court in Section 455(b)(4) terms, this is one area in which certainty rather than probability controls." *Id*. While Plaintiff acknowledges that "District courts have considerable discretion in interpreting and applying their local rules . . .," *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 549 (7th Cir. 2017), Plaintiff respectfully submits that the Court should not permit any defendant to force Plaintiff and the Court to proceed in the face of the risk that any order entered might later be subject to question where they could easily comply with both Rules but have chosen not to.

  **b)**   **Plaintiff should be permitted to submit a sur-reply in the form attached hereto.**

The decision whether to grant a motion for leave to file a surreply is within the Court's discretion. *See Johnny Blastoff, Inc. v. L.A. Rams*, 188 F.3d 427, 439 (7th Cir.1999). In some instances, allowing the filing of a surreply "vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D.Ill.2005) ; *see also Franek v. Walmart Stores, Inc.*, 2009 WL 674269, at * 19 n. 14 (N.D.Ill. Mar.13, 2009) (recognizing that a surreply might be appropriate "when a moving party 'sandbags' an adversary by raising new arguments in a reply brief"). "A surreply brief is occasionally allowed when it raises or responds to some new issue or development in the law." *Merril Lynch Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009) (citing *Hall v. Forest River, Inc.*, 2008 WL 1774216, at *n. 3 (N.D. Ind. Apr. 15, 2008)).

Here, as set out above, the Moving Defendants' late filed affiliate disclosures and their characterization of the disclosures as mooting Plaintiff's argument as set out in the Opposition that the Motion to Dismiss is not properly before the Court is a new argument that Plaintiff is entitled to respond to. In addition, in its Opposition, Plaintiff presented evidence obtained from Amazon which it understood to show that thirteen sales were made into the United States through the efancy storefront. [D.E. 103 at 13-14; 103-1 at ¶ 2, Ex. 1] In response, the Moving Defendants submitted in their Reply, in pertinent part, the following argument:

> Moving Defendants acknowledge that Plaintiff proffered evidence showing Defendant efancy allegedly sold accused Products. However, this evidence does not show that Defendant efancy sold such products in the United States, let alone in Illinois. As such, the proffered evidence does not rebut the Moving Defendants' no-sale evidence..." [D.E. 110 at 4-5, FN.2]

> Contrary to Plaintiff's assertion, its proffered evidence does not show Defendant efancy "made thirteen sales into the United States." Dkt. No. 103 at p. 13. Rather, it merely shows that Defendant efancy allegedly sold the accused products without knowing their destination. Dkt. No. 103-1 at p. 5, which is reproduced

9

> below. Therefore, Plaintiff's evidence does not support its 4(k)(2) theory. [Id. at 7]
>
> As the alleged evidence on Defendant efancy does not show the store sold any accused products into the United States, and Plaintiff's evidence fails to show that where the alleged sales were made, Defendant efancy is simply unable to name any one state in which the suit could proceed. [Id. at 8]

In its Opposition and supporting declaration, Plaintiff advised the Court that "Plaintiff's counsel has persistently reached out to Amazon requesting that they provide data as to where in the United States these thirteen sales were made to, Amazon has yet to provide this information." [D.E. 103 at 14; 103-1 at ¶ 3] On October 14, 2024, Plaintiff received additional expedited discovery production from Amazon showing that Defendant efancy sold twelve items into the United States via a single listing on its Amazon storefront. [Banister Declaration at ¶ 4; Ex. 1] This information, unavailable to Plaintiff at the time that it submitted its Opposition, must necessarily be placed on record in order for the Court to make a fully informed decision based on a complete record. The Moving Defendants cannot claim prejudice nor are they entitled to further briefing to respond as when ruling on a Motion to Dismiss, the Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009), but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). See *Blake v. Celebrity Home Loans, LLC*, No. 23 C 1839, 2024 WL 1859405, at *3 (N.D. Ill. Apr. 29, 2024) (Ellis, J.). Presentation of Amazon's supplemental sales data merely serves to further substantiate Plaintiff's claims, fully set out in its Opposition, in a dispute already before the Court to which the Moving Defendants have responded.

Out of an abundance of caution and to fully inform the Court, Plaintiff notes that the evidence placed before the Court via the original Declaration of Yu Chung Ting [D.E. 9 at ¶¶ 18, 19] for efancy shows in the url that the ASIN, the unique product code that Amazon assigns to

10

each listing, is B0C319BVB. [Banister Declaration at ¶ 6; Ex. 2] The ASIN shown in the "Product details" section of the evidence for efancy is B0C3X32TZK. [Id.] Amazon's expedited discovery production shows sales through the assigned ASIN B0C3X19BVB. [Id. at Ex. 1] The evidence placed on record by the Moving Defendants to support their contention that they did not sell any items utilizing Plaintiff's intellectual property shows a search only for ASIN B0C3X32TZK. [D.E. 75-1 at 16] While Plaintiff acknowledges that this does create an ambiguity in the record, it is an ambiguity that, based on the authorities cited directly above, must be resolved in Plaintiff's favor.

Further, this ambiguity does not open the door to further briefing by the Moving Defendants as, when they had an opportunity to question whether Plaintiff's evidence addressed an ASIN assigned to the relevant efancy listing, they made no such objection, instead opting to argue, as set out above, that Plaintiff's evidence "merely shows that Defendant efancy allegedly sold the accused products without knowing their destination." [D.E. 110 at 7] The Moving Defendants could have pulled sales data for ASIN B0C3X19BVB and presented it in support of the Motion to Dismiss to rebut Plaintiff's evidence but chose not to, thus leaving Plaintiff's assertion that B0C3X19BVB is the relevant ASIN for Defendant efancy unrebutted. In the Seventh Circuit, failure to respond to an argument implies concession and generally results in a waiver of the point. *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 832 (7th Cir.2009) (Easterbrook, C.J.) ("My earlier opinion explained why secrecy appears to be unwarranted, and I take plaintiffs' silence in their response as acknowledgment."); *MindGames, Inc. v. Western Pub. Co., Inc.*, 218 F.3d 652, 659 (7th Cir.2000) ("MindGames did not respond to the argument.... We find its silence eloquent and Western's argument compelling."); *Law v. Medco Research Inc.*, 113

11

F.3d 781, 787 (7th Cir.1997) ("Failure to respond to an opposing party's argument "is not necessarily a waiver, but it is a risky tactic, and sometimes fatal.")

      c)     **The instant motion is timely filed at the first opportunity.**

As set out above, Plaintiff received additional production showing sales into the United States by Puweiya through efancy on October 14, 2024. [Banister Declaration at ¶ 4; Ex. One] Plaintiff obtained corporate information for Puweiya on October 16, 2024. [Id. at ¶ 5] On the same day, Plaintiff reached out to the Moving Defendants' counsel to arrange a pre-filing conference which took place on October 17, 2024. Plaintiff received the Moving Defendants' statement of continued opposition near close of business on Friday, October 18th. The instant motion is filed on the Saturday following the 5th business day after receipt of the Moving Defendants' statement of continued opposition. The instant motion to compel complete affiliate disclosures and for leave to file a sur-reply in the concise form attached as Exhibit Three is not interposed for delay but to provide the Court with complete information vital to its decision on the Motion to Dismiss, information which is now provided, in part due to the Moving Defendants' failure to timely file complete affiliate disclosures or to update and correct their incomplete disclosures after Plaintiff brought the matter to their attention, and to avoid a later challenge to any order issued to on the Motion to Dismiss should compliance with the Rules reveal that that Court has a conflict.

      (Prayer for Relief, Date and Signature on the Following Page)

## V. PRAYER FOR RELIEF

**Wherefore,** based on the foregoing, Plaintiff respectfully requests that the Court grant the following relief:

a) Entry of an order requiring Puweiya to submit, with seven days, complete affiliate disclosures in compliance with the Rules;

b) Entry of an order permitting Plaintiff to file a sur-reply in the form attached hereto as Exhibit Three;

c) Any further and additional relief that the Court deems necessary and appropriate.

(Date and Signature on the Following Page)

Respectfully submitted this 26th day of October, 2024.

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister LLC
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: ford@fordbanister.com
*Attorney for Plaintiff*