UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLLECTANEA J. LIMITED, | ) |
| Plaintiff, | ) |
| v. | ) No. 24 C 3821 |
| | ) Judge Sara L. Ellis |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Collectanea J. Limited ("Collectanea") sued 190 entities listed in an amended Schedule A to its complaint for infringing a copyrighted photograph that depicts the steps of beading a necklace, as well as 490 copyrighted photographs that depict beaded jewelry (collectively, the "Beadnova Works"). The Court granted Collectanea's motion for a temporary restraining order ("TRO") on May 24, 2024, Doc. 17, and entered a preliminary injunction against Defendants on June 20, 2024, Doc. 33. Defendants ANGGREK K-US, Bnjni-US, efancy, Cxfutai-US, Fchecy-US, FUGACAL, Henzhtcu-US, hongzhizhi-US, Jadpes mg, Jazutaq, kearabq, KnowStore, Liyust-US, Mirandalong-US, Mseinope-US, Naroote, nusind, Prexey, Pulamuse-US, Rutiy, Senhee, Sunxihui-US, Taiddad, Vinnat us, Wandisy, Youheje-US, youthink us, Zaltgag-US, Zhoubinshop-US, accessories_mall, coolshopping888, EOTVIA STORE, Fanhongtan, Hengxinshuo, Mengmengyu, Sudi Store, and TRF STORE (collectively, the "No Sale Defendants") filed a motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(3).[1] They, along

---

[1] Collectanea argued in its response that the Court should not consider the motion to dismiss because the No Sale Defendants had not filed their affiliate disclosures as required by Local Rule 3.2 at the time

with Defendants Zeoo, Suntaskw, Salmue, jakuer-US, Cimennn, Canyita, Alucy, Yokuna, Blurte432, Rotekt1740, Qkissi, Zhihuida, and DROLE Life (collectively, the "Answering Defendants"), also filed a motion to dissolve the preliminary injunction. The Court finds that the Court does not have personal jurisdiction over the No Sale Defendants, excluding efancy, and so dismisses Collectanea's claims against these defendants without prejudice. The Court also finds that Collectanea's delay in pursuing its claims and preliminary injunctive relief against efancy and the Answering Defendants precludes a finding of irreparable harm and so dissolves the preliminary injunction entered against them.

## BACKGROUND[2]

Collectanea has registered the Beadnova Works, consisting of a single image (the "Six Steps Photo") and a collective series of 490 photographs (the "Group Series"), with the United States Copyright Office. The Beadnova Works depict six steps for making a bracelet or necklace with beads, bead wire, and polyester cord, with the Group Series also including photographs of

---

Collectanea filed its response to the motion to dismiss. The No Sale Defendants subsequently filed the required disclosures. *See* Doc. 108. Over two weeks later, and only days before the Court had indicated it would rule on the No Sale Defendants' motion, Collectanea filed a motion to compel complete affiliate disclosures and for leave to file a sur-reply in response to the motion to dismiss [117].

Although the No Sale Defendants should have filed their disclosures at the time counsel initially appeared in the case, the Court does not find that the belated filing has prejudiced Collectanea or otherwise warrants denial of the motion to dismiss. That said, the Court agrees with Collectanea that the No Sale Defendants' disclosure does not comply with Local Rule 3.2(a): the No Sale Defendants' notification of affiliates focuses only on publicly owned affiliates, while the rules require notification of any affiliates regardless of their ownership structure. *See* N.D. Ill. LR 3.2(a) ("For purposes of this rule, 'affiliate' is defined as any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party."). Therefore, the Court grants Collectanea's motion to compel complete affiliate disclosures and orders the No Sale Defendants to file an amended notification of affiliates that complies with Local Rule 3.2. The Court also allows Collectanea to file its sur-reply and considers the arguments made therein in deciding the motion to dismiss.

[2] In addressing personal jurisdiction, the Court is not limited to the pleadings. *See Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Therefore, the Court draws the facts from the complaint and the additional documents submitted by the parties. The Court resolves all factual conflicts and draws all reasonable inferences in Collectanea's favor. *Id.* at 782–83.

beaded jewelry. Collectanea registered the Six Steps Photo on May 22, 2023, claiming a date of publication of August 31, 2016. Collectanea also registered the Group Series on May 22, 2023, with a publication date range of August 22, 2017 to December 9, 2017. In both registrations, Collectanea claimed authorship as an "employer for hire." Doc. 1-1 at 2; Doc. 1-2 at 2.

The No Sale and Answering Defendants are storefronts that offer the Accused Products for sale on various e-commerce platforms, including Amazon.com, eBay.com, and Walmart.com. Each platform assigns unique identification numbers to the Accused Product listings (the "Listing IDs"). Shenzhen Puweiya Technology Co., Ltd. ("Puweiya"), based in China, operates all the No Sale and Answering Defendants but DROLE Life. Yiwu City Zhuozhuang E-Commerce Co., Ltd., also based in China, operates DROLE Life.

In its complaint, Collectanea asserted that the No Sale and Answering Defendants target their business activities toward United States consumers, including those in Illinois, and, on information and belief, had sold and shipped products that infringe the Beadnova Works to Illinois. Collectanea provided screenshot evidence showing that each of the No Sale and Answering Defendants was ready, willing, and able to ship the Accused Products to Illinois. Collectanea did not provide evidence, however, that it had purchased the Accused Products from the No Sale or Answering Defendants. While the Answering Defendants acknowledge having made sales to the United States and so consent to jurisdiction in Illinois, the No Sale Defendants present evidence that they have not sold the Accused Products to the United States. Jazutaq and Sunxihui-US admit to each making two sales of the Accused Products to Canada, however. In response to the motion to dismiss, Collectanea submitted Amazon sales data for efancy that shows that efancy made thirteen sales of the Accused Products, totaling $123.03. Collectanea later obtained more detailed information from Amazon about these sales, which shows that

efancy shipped twelve of these sales to the United States, though none to Illinois. The records the No Sale Defendants produced to show that efancy did not sell the Accused Products use a different Listing ID than that identified by Collectanea when it named efancy as a Defendant and in responding to this motion. *Compare* Doc. 75-1 at 16 (the No Sale Defendants' record using Listing ID "BOC3X32TZK"), *with* Doc. 8 at 37 (Schedule A identifying efancy as defendant number 37 with a store url containing the Listing ID "B0C3X19BVB"); Doc. 103-1 at 5 (Amazon record for Listing ID "B0C3X19BVB").

The Answering Defendants, excepting DROLE Life, sold 303 Accused Products, totaling $2,837.90, in the United States, which includes orders that they refunded or that buyers later canceled. DROLE Life sold 4,689 Accused Products, totaling $31,850.70. The preliminary injunction has restrained approximately $1,569,016.43 of the No Sale and Answering Defendants' assets.

## ANALYSIS

### I. Motion to Dismiss

The No Sale Defendants have moved to dismiss Collectanea's complaint, contending that the Court lacks personal jurisdiction over them. When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, as it does here, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id*. at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in

favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672.

In federal question cases, the Court may exercise personal jurisdiction over a defendant only if "federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The Copyright Act does not authorize nationwide service of process, and so the Court may exercise jurisdiction over the No Sale Defendants only if authorized both by the United States Constitution and Illinois law. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997); *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 902 (N.D. Ill. 2015). The Illinois long-arm statute authorizes courts to exercise personal jurisdiction on any basis permitted by the Illinois and United States constitutions. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing 735 Ill. Comp. Stat. 5/2-209(c)). This standard effectively merges the federal constitutional and state statutory inquiries. *N. Grain Mktg.*, 743 F.3d at 492. Accordingly, a single inquiry into whether the United States Constitution permits jurisdiction suffices. *See, e.g.*, *Curry*, 949 F.3d at 393; *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010).

The Due Process Clause of the United States Constitution permits a court to exercise jurisdiction when the defendant has "certain minimum contacts with [the forum state] such that

5

the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). And importantly, "the question of personal jurisdiction hinges on the defendant's—not the plaintiff's—contacts with the forum state." *North v. Ubiquity, Inc.*, 72 F.4th 221, 225 (7th Cir. 2023); *see also Purdue*, 338 F.3d at 780 ("Notably, it must be the activity of the defendant that makes it amenable to jurisdiction, not the unilateral activity of the plaintiff or some other entity").

    Personal jurisdiction may be either general or specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 126–28 (2014); *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878 (7th Cir. 2019). Neither side argues that the Court can exercise general jurisdiction over the No Sale Defendants, so the Court focuses on the specific jurisdiction analysis. Specific jurisdiction is "case-linked." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[T]he suit must arise out of or relate to the defendant's contacts with the forum," meaning "there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (quoting *Goodyear*, 564 U.S. at 919). Here, to establish minimum contacts that create specific personal jurisdiction, the No Sale Defendants must have purposefully directed their activities at Illinois or purposefully availed themselves of the privilege of conducting business in

Illinois, and Collectanea's alleged injury must arise out of or relate to the No Sale Defendants' forum-related activities. *See Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021).

In its complaint, Collectanea alleged that the No Sale Defendants hold themselves out as willing and able to sell the Accused Products to Illinois and that, on information and belief, had made sales to customers in Illinois. The No Sale Defendants submitted evidence that they have not sold any Accused Products in the United States. Collectanea only provided evidence to the contrary with respect to efancy, contending that Amazon's records show that efancy made thirteen sales of the Accused Products, although Collectanea acknowledges that it does not have information as to the location of the customers who received these products.

Turning to the parties' arguments, initially, the Court rejects Collectanea's argument that the Court's issuance of the TRO and preliminary injunction order, both of which it granted without adversarial presentation, *see* Doc. 17 at 1; Doc. 33 at 2, compel the conclusion that the Court has jurisdiction over all named Defendants. Because the No Sale Defendants have challenged the Court's jurisdiction over them and presented evidence calling into question Collectanea's jurisdictional allegations, the Court cannot simply accept Collectanea's allegations, which conflict with the No Sale Defendants' evidence, as established. *Matlin*, 921 F.3d at 705. For that reason, the allegations that the No Sale Defendants had made sales to Illinois, now challenged with contradictory evidence, do not require a finding of personal jurisdiction; instead, Collectanea must submit "affirmative evidence supporting the court's exercise of jurisdiction." *Id.*

The Court also rejects Collectanea's reading of *NBA Properties, Inc. v. HANWJH*, in which the Seventh Circuit found personal jurisdiction proper where an online store not only asserted a willingness to ship goods to Illinois but also shipped the allegedly infringing product

7

to an Illinois customer. 46 F.4th 614, 624 (7th Cir. 2022). According to Collectanea, in *NBA Properties*, the Seventh Circuit recognized that a defendant need not make the sale for jurisdiction to lie because it noted that "merely listing for sale a product that is likely to cause confusion violates the Lanham Act." *Id.* at 626 n.18. But this footnote addressing the elements of a trademark infringement claim had no impact on the Seventh Circuit's conclusion that the defendant purposefully directed its activities at Illinois by shipping the allegedly infringing product to Illinois. *See id.* at 625 ("HANWJH knew it could be subject to the jurisdiction of Illinois when it shipped a counterfeit product to the forum."). District courts have similarly required evidence of at least one sale to Illinois to show the required minimum contacts. *See, e.g.*, *Roadget Bus. PTE. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 23 CV 16262, 2024 WL 4333289, at *3 (N.D. Ill. Sept. 27, 2024) ("Based on the unrefuted evidence before the Court, defendant no. 28 has done nothing more than *offer* its products for sale to residents of Illinois through its website – which is patently insufficient."); *Roblox Corp. v. Bigfinz*, No. 23 C 5346, 2023 WL 8258653, at *1 (N.D. Ill. Nov. 29, 2023) (collecting cases requiring an online retailer to have "sold at least one product in Illinois for personal jurisdiction to exist" in an infringement case); *see also Rubik's Brank, Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2020) ("[D]isplaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois. That alone cannot confer personal jurisdiction."). The Court agrees that, under *NBA Properties*, a defendant must have shipped at least one product to Illinois to have purposefully directed its activities here. *See NBA Props.*, 46 F.4th at 625.

8

Faced with the evidence that the No Sale Defendants did not make any sales to Illinois, Collectanea argues that the Court should treat the No Sale Defendants and the Answering Defendants as one operation and impute the Answering Defendants' Illinois sales to the No Sale Defendants. Collectanea bases this argument on the No Sale and Answering Defendants' acknowledgment that Puweiya operates all but one of their respective storefronts. Even if the Court treats Puweiya as the parent of the No Sale and Answering Defendants, as the Court previously explained in denying Collectanea's request for jurisdictional discovery, *see* Doc. 116 at 3, the Court cannot impute the Answering Defendants' sales to the No Sale Defendants solely on the basis that Puweiya operates all of them. *See Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 20 C 4806, 2022 WL 2208827, at *2 (N.D. Ill. June 21, 2022) (allegations of affiliation or association with other defendants who made sales in Illinois through, for example, unity of ownership "alone is insufficient to demonstrate that one entity is the alter ego of another"); *Flaccus v. Advanced Disposal Servs., Inc.*, No. CV 17-4808, 2018 WL 3731095, at *4 (E.D. Pa. Aug. 6, 2018) ("Plaintiff fails to cite any authority—binding or persuasive—which supports the lateral imputation of contacts from one corporate subsidiary to another, solely on the basis of the siblings' relationships with their shared parent.").

The Court also disagrees with Collectanea that it can exercise jurisdiction over the No Sale Defendants because they generally conduct business in Illinois. Although one court in this district has found personal jurisdiction over defendant e-commerce businesses where they sold non-accused goods in Illinois, *see Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24 CV 607, 2024 WL 3338942, at *4 (N.D. Ill. July 9, 2024), the Court disagrees that specific jurisdiction can be

9

founded on such unrelated contacts. Specific jurisdiction requires that the "defendant's minimum contacts with the forum state be '*suit-related*,'" *Curry*, 929 F.3d at 400 (quoting *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014)), and sales of non-accused goods do not relate to the specific claims at issue, *see Goodyear*, 564 U.S. at 930 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."); *B.D. v. Samsung SDI Co.*, 91 F.4th 856, 863 (7th Cir. 2024) (sales of batteries other than the accused model did not relate to the alleged injury and so could not support specific personal jurisdiction); *Advanced Tactical*, 751 F.3d at 801 ("The only sales that would be relevant are those that were related to [the defendant's] allegedly unlawful activity.").

Finally, Collectanea asserts that Rule 4(k)(2) provides a basis for exercising jurisdiction over the No Sale Defendants. Rule 4(k)(2) provides courts with the right to exercise personal jurisdiction over "persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001). To establish jurisdiction under Rule 4(k)(2), the plaintiff must show: "(1) the plaintiff's claims [are] based on federal law; (2) no state could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction [is] consistent with the laws of the United States; and (4) the exercise of jurisdiction [is] consistent with the Constitution." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000).

The parties do not dispute that federal law, namely the Copyright Act, underlies Collectanea's claims. The No Sale Defendants do not identify any state that can exercise jurisdiction over them. *Cf. ISI Int'l*, 256 F.3d at 552 ("A defendant who wants to preclude use of

10

Rule 4(k)(2) has only to name some other state in which the suit could proceed."). As for whether exercise of jurisdiction over the No Sale Defendants is consistent with the Constitution, the Court must consider "a defendant's contacts with the nation as a whole." *Shenzhen Wanfan Tech. Co. v. Orbital Structures Pty Ltd.*, No. 23-CV-02330, 2024 WL 325339, at *5 (N.D. Ill. Jan. 29, 2024). "While Rule 4(k)(2) applies a broader geographic standard for which contacts are relevant, the minimum in the 'minimum contacts' that are constitutionally sufficient to support general or specific jurisdiction is the same." *Abelesz v. OTP Bank*, 692 F.3d 638, 660 (7th Cir. 2012). Here, Collectanea has only provided evidence regarding efancy's sales to the United States. Without any evidence of sales of the Accused Products in the United States as to the remaining No Sale Defendants, then, Collectanea has not carried its burden to show that the Court can exercise jurisdiction over these defendants under Rule 4(k)(2). *See Reimer Express*, 230 F.3d at 946 (declining to exercise jurisdiction under Rule 4(k)(2) where the plaintiff "has not brought to [the court's] attention any contacts that [defendant] itself had with the United States other than those with Illinois"). Because Collectanea has provided evidence that efancy sold the Accused Products in the United States, but efancy has refused to identify any other state in which it is subject to jurisdiction, the Court finds it appropriate to exercise jurisdiction over efancy under Rule 4(k)(2). *See ISI Int'l*, 256 F.3d at 552 ("If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2).").

      The Court thus dismisses all the No Sale Defendants but efancy for lack of personal jurisdiction. As for efancy, which the Court finds subject to personal jurisdiction in Illinois based on Rule 4(k)(2), its improper venue argument fails. Under 28 U.S.C. § 1391(c)(3), a

"defendant not resident in the United States may be sued in any judicial district," meaning that Collectanea may proceed against it here.

## II. Motion to Dissolve the Preliminary Injunction

The Court next turns to the motion to dissolve or modify the preliminary injunction, addressing it only as it relates to efancy and the Answering Defendants (collectively, the "Injunction Defendants"). Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). The party seeking such relief must show: (1) it has some likelihood of success on the merits; (2) there is no adequate remedy at law; and (3) it will suffer irreparable harm if the court denies relief. *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019). "The two most important considerations are likelihood of success on the merits and irreparable harm." *Bevis v. City of Naperville*, 85 F.4th 1175, 1188 (7th Cir. 2023). If the moving party meets this threshold showing, the Court "must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction." *Id.* (citation omitted) (internal quotation marks omitted). "Specifically, the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008) (citing *Abbott Lab'ys v. Mead Johnson & Co.*, 971 F.2d 6, 11–12 (7th Cir. 1992)), *abrogated on other grounds by Nken v. Holder*, 556 U.S. 418, 434 (2009). The Seventh Circuit has described this balancing test as a "sliding scale": "if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win

the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364. Finally, the Court considers whether the injunction is in the public interest, which includes considering any effects on non-parties. *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018).

Although the Court has already granted Collectanea a preliminary injunction, it did so on an *ex parte* basis under circumstances that closely resembled a TRO and without the benefit of adversarial briefing. Thus, Collectanea bears the burden of persuading the Court that it should not disturb the injunction. *See Jiaxing Zichi Trade Co. v. Yang*, No. 21 C 973, 2021 WL 4498654, at *3 n.3 (N.D. Ill. Aug. 19, 2021) (citing 42 Am. Jur. 2d Injunctions § 291 ("[W]hen a temporary injunction is issued under circumstances resembling a temporary restraining order, the burden of proof may be on the party seeking the order.")).[3]

The Injunction Defendants contend that Collectanea has not shown a strong likelihood of success and cannot show irreparable harm.[4] Alternatively, they argue that the Court should modify the asset restraint. The Court addresses these arguments in turn.

### A. Likelihood of Success

To meet the likelihood of success requirement, the plaintiff must present a "strong" showing, which "normally includes a demonstration of how the applicant proposes to prove the

---

[3] For this reason, the Court does not find Collectanea's arguments about the untimely nature of the Injunction Defendants' contentions or the scope of what the Injunction Defendants can challenge persuasive.

[4] The No Sale Defendants also raised the argument that the Court should dissolve the preliminary injunction because it does not have jurisdiction over them. As the Court has already found it appropriate to dismiss the No Sale Defendants except for efancy for lack of personal jurisdiction, the Court does not address this argument further. And because the No Sale and Answering Defendants only make the argument about the validity of service of process in a footnote, the Court does not entertain that argument as a basis for dissolving the injunction. *See Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013) ("[A] party can waive an argument by presenting it only in an undeveloped footnote."); *Schrock v. Learning Curve Int'l, Inc.*, 744 F. Supp. 2d 768, 770 n.1 (N.D. Ill. 2010) ("Undeveloped arguments and arguments raised in footnotes are waived.").

key elements of its case." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762–63 (7th Cir. 2020). To establish copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The Injunction Defendants challenge only Collectanea's ability to succeed on the first element.

"A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the validity of a copyright." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994) (citing 17 U.S.C. § 410(c)). But this presumption of validity applies only to those certificates "made before or within five years after first publication of the work," with "[t]he evidentiary weight to be accorded the certificate of a registration made thereafter . . . within the discretion of the court." 17 U.S.C. § 410(c). Because Collectanea registered the Beadnova Works over five years after their first publication, the presumption of validity does not automatically attach. *See* 17 U.S.C. § 410(c).

While acknowledging that the presumption of validity does not attach, the Injunction Defendants fail to meaningfully challenge the validity of the copyrights. They argue that the certificates do not identify the actual author, and that Collectanea's legal representative's declaration includes a scrivener's error as to the date of the Group Series' registration and does not explain the legal basis for his role as Collectanea's alleged legal representative. But the Injunction Defendants do not explain why the certificates, which identify the Beadnova Works as works for hire, need to identify the actual author, given that "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author." 17 U.S.C. § 201(b). The Court views the scrivener's error as irrelevant, given that Collectanea attached the certificates of registration and the complaint contains the correct dates. Finally, the

14

Injunction Defendants have failed to explain how the legal status of the declarant used by Collectanea in support of the TRO and preliminary injunction motions affects the validity of the copyrights. Because the Injunction Defendants did not present any argument calling into question the validity of the copyrights, the Court at this stage continues to find it appropriate to treat the certificates of registration as prima facie evidence of copyright validity, particularly given the low standard required for originality. *See LEGO A/S v. Best-Lock Constr. Toys, Inc.*, 404 F. Supp. 3d 583, 596 (D. Conn. 2019) (collecting cases finding certificates of registration issued more than five years after the date of first publication to constitute prima facie evidence of copyright validity); *see also Feist*, 499 U.S. at 345 ("Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice." (citations omitted)).

      **B.**    **Irreparable Harm**

To maintain the preliminary injunction, Collectanea also must show irreparable harm. Although in copyright cases the Supreme Court "made clear that there is no . . . presumption" of irreparable harm simply by showing the defendant infringed a copyrighted work, *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012), "it is well established that the loss of goodwill and reputation, if proven, can constitute irreparable harm," *Life Spine Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 546 (7th Cir. 2021) (citing *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 680 (7th Cir. 2012)). "[I]f a plaintiff is more likely to win [on the merits of its case], the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364.

The Injunction Defendants argue that Collectanea cannot show irreparable harm because it delayed in filing suit against them. As the Seventh Circuit has noted, the "irreparable harm [inquiry] takes into account how urgent the need for equitable relief really is." *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011). Here, the Injunction Defendants point to the printouts that Collectanea included in connection with its request for a TRO, which show that Collectanea found the Injunction Defendants' allegedly infringing products as early as June 2023, and, in the case of DROLE Life, in November 2022. Despite this, Collectanea delayed in raising claims against the Injunction Defendants until May 2024. Collectanea does not provide any explanation for this delay, instead merely arguing that the dates that it gathered evidence should not be dispositive of its entitlement to injunctive relief. But Collectanea's actions smell of gamesmanship, particularly because it originally only filed suit against nine defendants and then increased that number to 190 after seeing the judge to whom its case was assigned. *Compare* Doc. 5 (initial Schedule A filed on May 10, 2024, listing nine defendants selling products on Walmart.com), *with* Doc. 8 (amended schedule A filed on May 16, 2024, listing 190 defendants selling products on various e-commerce platforms). Because Collectanea has failed to provide an explanation justifying its delay in filing despite knowing of the alleged infringement by the Injunction Defendants almost eleven months before filing suit, the Court finds that the delay undermines Collectanea's claims of irreparable harm. *See Int'l Star Registry of Ill., Ltd. v. RGIFTS Ltd.*, No. 21 CV 6446, 2024 WL 3398333, at *4 (N.D. Ill. July 12, 2024) (two-year delay in seeking injunctive relief after filing action precluded finding of irreparable harm where the plaintiff offered no explanation for its delay); *Redbox Automated Retail, LLC v. Xpress Retail LLC*, 310 F. Supp. 3d 949, 953 (N.D. Ill. 2018) (eighteen-month delay in seeking relief defeated claim of irreparable harm, noting that "[s]everal courts of appeals have affirmed

16

denials (or reversed grants) of preliminary injunctions because of much shorter delays in filing suit" and that "[t]he longest such delay ever permitted by the Seventh Circuit appear[ed] to be nine months" (collecting cases)); *Ixmation, Inc v. Switch Bulb Co.*, No. 14 C 6993, 2014 WL 5420273, at *7–8 (N.D. Ill. Oct. 23, 2014) (four-and-a-half month delay precluded finding of irreparable harm); *Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 441 (E.D.N.Y. 2013) (five-month delay in seeking preliminary injunction after filing suit indicated that the plaintiff faced no threat of irreparable harm because it "undermine[d] the sense of urgency that typically accompanies a motion for preliminary injunction").[5]  Given the lack of irreparable harm, then, the Court finds it appropriate to dissolve the preliminary injunction as to the Injunction Defendants.[6]  *See Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 294 (7th Cir. 1997) (affirming the denial of a preliminary injunction because the plaintiff "ha[d] not demonstrated that [she] will suffer 'irreparable harm' by the denial of this injunction").

## CONCLUSION

For the foregoing reasons, the Court grants the No Sale Defendants' motion to dismiss [75], except as to Defendant efancy.  The Court grants the Injunction Defendants' motion to dissolve or modify the preliminary injunction [76].  The Court dismisses Collectanea's claims against the No Sale Defendants, except for efancy, without prejudice for lack of personal jurisdiction.  The Court dissolves the preliminary injunction as to the Injunction Defendants.

---

[5] Collectanea attempts to argue that the delay cannot defeat irreparable harm because the Injunction Defendants have not shown that they detrimentally relied on the delay.  *See* Doc. 104 at 8 (collecting cases).  But the Court respectfully disagrees with those decisions on which Collectanea relies that have factored detrimental reliance into the irreparable harm analysis because, as the *Redbox* court noted, "whether the *defendant* has detrimentally relied on a delay does not affect whether the *plaintiff* has suffered irreparable harm." *Redbox*, 310 F. Supp. 3d at 953.

[6] Because the Court dissolves the preliminary injunction against the Injunction Defendants, the Court need not address their alternative arguments as to modification of the asset restraint and an increase in the bond amount.

The Court grants Collectanea's opposed motion to compel complete affiliate disclosures and for leave to file a sur-reply [117]. Collectanea should file its proposed sur-reply [117-3] as a separate document on the docket. The Court orders the No Sale Defendants to file amended affiliate disclosures that comply with Local Rule 3.2 by November 8, 2024.

Dated: October 29, 2024

                                                                       SARA L. ELLIS
                                                                       United States District Judge