UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLLECTANEA J. LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24 C 3821 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| THE PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE A, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The Court denies Plaintiff Collectanea J. Limited's motion for reconsideration [137]. The Court denies Defendants' request for attorneys' fees. See Statement.

**STATEMENT**

Plaintiff Collectanea J. Limited ("Collectanea") sued 190 entities listed in an amended Schedule A to its complaint for infringing a copyrighted photograph that depicts the steps of beading a necklace, as well as 490 copyrighted photographs that depict beaded jewelry. The Court granted Collectanea's motion for a temporary restraining order ("TRO") on May 24, 2024, Doc. 17, and entered a preliminary injunction against Defendants on June 20, 2024, Doc. 33. Defendants ANGGREK K-US, Bnjni-US, efancy, Cxfutai-US, Fchecy-US, FUGACAL, Henzhtcu-US, hongzhizhi-US, Jadpes mg, Jazutaq, kearabq, KnowStore, Liyust-US, Mirandalong-US, Mseinope-US, Naroote, nusind, Prexey, Pulamuse-US, Rutiy, Senhee, Sunxihui-US, Taiddad, Vinnat us, Wandisy, Youheje-US, youthink us, Zaltgag-US, Zhoubinshop-US, accessories_mall, coolshopping888, EOTVIA STORE, Fanhongtan, Hengxinshuo, Mengmengyu, Sudi Store, and TRF STORE (collectively, the "No Sale Defendants") filed a motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(3). They, along with Defendants Zeoo, Suntaskw, Salmue, jakuer-US, Cimennn, Canyita, Alucy, Yokuna, Blurte432, Rotekt1740, Qkissi, Zhihuida, and DROLE Life (collectively, the "Answering Defendants"), also filed a motion to dissolve the preliminary injunction. In its October 29, 2024 Opinion and Order (the "Opinion"), Doc. 120, the Court found that it did not have personal jurisdiction over the No Sale Defendants, excluding efancy, and so dismissed Collectanea's claims against these defendants without prejudice. The Court also found that Collectanea's delay in pursuing its claims and preliminary injunctive relief against efancy and the Answering Defendants precluded a finding of irreparable harm and so dissolved the preliminary injunction entered against them. On

November 26, 2024, Collectanea filed a motion for reconsideration of the motion to dismiss pursuant to Federal Rule of Civil Procedure 59(e).[1]

Rule 59(e) motions for reconsideration of judgment serve a limited purpose and are "only appropriate where the court has misunderstood a party, where a court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). A motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (citation omitted) (internal quotation marks omitted); *see also Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (a Rule 59(e) motion does not "enable a party to complete presenting his case after the court has ruled against him" (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995))).

Collectanea claims that the Court misapprehended the issues before it and misstated and misconstrued its arguments, resulting in releasing an advisory opinion on matters not before it. First, Collectanea argues that the Court improperly claimed that Collectanea argued that the issuance of the TRO and preliminary injunction order compelled the conclusion that the Court had jurisdiction over all named defendants. *See* Doc. 120 at 7. While the Court disagrees, even if the Court misunderstood this aspect of Collectanea's argument, Collectanea admits that the Court correctly stated that it could not find personal jurisdiction based merely on the allegations in Collectanea's complaint, as it did when it entered the TRO and preliminary injunction order. *See* Doc. 137 at 4 (Collectanea "does not necessarily disagree with the Court's belief that an earlier finding of personal jurisdiction in the absence of adversarial presentation in the context of injunctive relief would not bind it going forward"). Therefore, the Court does not find this to provide a basis for reconsideration.

Next, Collectanea contends that the Court improperly characterized Collectanea's reading of *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022). The Court stated that "[a]ccording to Collectanea, in *NBA Properties*, the Seventh Circuit recognized that a defendant need not make the sale for jurisdiction to lie because it noted that 'merely listing for sale a product that is likely to cause confusion violates the Lanham Act.'" Doc. 120 at 8 (quoting *NBA Props.*, 46 F.4th at 626 n.18). But, as Collectanea itself highlights by bolding the following in its

---

[1] The No Sale Defendants contend that Rule 59(e) does not apply because Collectanea filed its motion more than ten days after entry of the Opinion. But the No Sale Defendants rely on an outdated version of Rule 59(e), and the current version provides a party with twenty-eight days to file a Rule 59(e) motion, making Collectanea's motion timely under that provision. Fed. R. Civ. P. 59(e) advisory committee's note to 2009 amendment. Regardless, because no final judgment has yet entered terminating the entire case, Collectanea's motion is more properly understood as one under Rule 54(b), which allows for modification of an order at any time before entry of a final judgment. Fed. R. Civ. P. 54(b). Because the standards for motions for reconsideration under Rule 54(b) are largely the same as those under Rule 59(e), *see Siemens Transformadores S.A. de C.V. v. Soo Line R.R. Co.*, No. 10 C 3750, 2012 WL 1938848, at *1 (N.D. Ill. May 29, 2012) (collecting cases), the Court analyzes the motion under the Rule 59(e) framework.

motion for reconsideration, it stated in its response to the motion to dismiss that "while the *NBA Properties* Court held that a single sale of a counterfeit product into Illinois is sufficient to establish personal jurisdiction under the Lanham Act, the decision cannot be read to require that a sale be consummated." Doc. 103 at 7; *see* Doc. 137 at 5. This tracks the Court's characterization of Collectanea's argument. The Court acknowledges that Collectanea also stated that the Court need not determine whether a sale is required for purposes of finding personal jurisdiction because evidence existed that such sales occurred. But the Court needed to reach the question given the No Sale Defendants' argument that their use of the copyrighted images on interactive storefronts did not suffice for jurisdictional purposes and the lack of evidence that any of the No Sale Defendants but efancy had made sales in the United States. Therefore, the Court does not agree with Collectanea that its discussion of *NBA Properties* amounts to an advisory opinion, and so it will not strike this portion of the Opinion.

      Finally, Collectanea argues that the Court misunderstood Collectanea's argument related to the relationship between the No Sale Defendants, the Answering Defendants, and Puweiya. The Court acknowledges that Collectanea never used the terms "parent" or "subsidiary" in its response brief to describe the relationship between Puweiya, which operates all the No Sale and Answering Defendants but DROLE Life, and the No Sale and Answering Defendants. But Collectanea's characterization of the relationship among the parties evokes a parent-subsidiary or alter ego type relationship, in which Collectanea maintains that Puweiya and the No Sale and Answering Defendants should be treated as one entity, with one storefront's contacts with Illinois automatically imputed to another's. The Court rejected such a theory, and nothing in Collectanea's motion for reconsideration suggests to the Court that it erred. Instead, the Court notes that, after its ruling, the No Sale and Answering Defendants filed amended affiliate disclosures that reinforce the Court's understanding that all of the No Sale and Answering Defendants should not be treated as one entity. *See* Docs. 129, 130.

      Because Collectanea only quibbles with the Court's characterization of its arguments and does not identify any valid basis for reconsideration of the Court's Opinion, the Court denies the motion for reconsideration.[2] To the extent that Collectanea wishes to appeal the Court's dismissal of the No Sale Defendants for lack of personal jurisdiction, it should request that the Court enter judgment with respect to these defendants pursuant to Rule 54(b).

Date: March 18, 2025                                                                     /s/ Sara L. Ellis

---

[2] Although the Court does not find merit in Collectanea's motion for reconsideration, it also declines to find the motion frivolous so as to award the No Sale Defendants their attorneys' fees in responding to the motion.